UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| JOSHUA BLACK, | ) |
| --- | --- |
| Petitioner, | ) |
| vs. | ) No. 1:17-cv-01139-TWP-MJD |
| SUPERINTENDENT, | ) |
| Respondent. | ) |

**ENTRY DENYING PETITION FOR WRIT OF HABEAS CORPUS
AND DIRECTING ENTRY OF FINAL JUDGMENT**

The petition of Joshua Black for a writ of habeas corpus challenges a prison disciplinary proceeding identified as No. IYC 16-10-0176. For the reasons explained in this Entry, Mr. Black's habeas petition must be **denied**.

### A. Overview

Prisoners in Indiana custody may not be deprived of good-time credits, *Cochran v. Buss,* 381 F.3d 637, 639 (7th Cir. 2004) (per curiam), or of credit-earning class, *Montgomery v. Anderson,* 262 F.3d 641, 644-45 (7th Cir. 2001), without due process. The due process requirement is satisfied with the issuance of advance written notice of the charges, a limited opportunity to present evidence to an impartial decision-maker, a written statement articulating the reasons for the disciplinary action and the evidence justifying it, and "some evidence in the record" to support the finding of guilt. *Superintendent, Mass. Corr. Inst. v. Hill*, 472 U.S. 445, 454 (1985); *Wolff v. McDonnell,* 418 U.S. 539, 570-71 (1974); *Piggie v. Cotton*, 344 F.3d 674, 677 (7th Cir. 2003); *Webb v. Anderson*, 224 F.3d 649, 652 (7th Cir. 2000).

### B. The Disciplinary Proceeding

On October 12, 2016, Officer Spurgeon wrote a Conduct Report charging Mr. Black with battery in violation of Code A-102. The Conduct Report states:

> On 10/12/2016 at approximately 5:35 PM I, Officer N. Spurgeon, posted as Walk Officer 2 at the North Split when I observed Offender Black, Joshua #891666 on the breezeway between West and Central Dorms. It looked like the offender was possibly being counseled by Sgt. J. Bonnewell. I started to make my way over to be in proximity in case immediate assistance was needed. When I arrived, I was advised by Sgt. J. Bonnewell that the Counseling was over, and that Offender Black needed to be escorted to HSU and RSH. The offender was already in mechanical restraints upon my arrival. I took custody of the offender and started to escort him to HSU. Offender Black attempted to pull away from me in an attempt to turn towards to Sgt. J. Bonnewell, who was behind me. When Sgt. J. Bonnewell saw that the offender was resisting in this fashion, he came up to assist with the escort. At this time, the offender started to resist both of us by pulling away from the escort. I called for First Responders via radio. Sgt. J. Bonnewell and the offender went to the ground as Sgt. Bonnewell was attempting to regain control of the escort. First Responders arrived and assisted Offender Black to his feet and continued with the escort to HSU and no further issues. Sergeant J. Bonnewell had to be sent off grounds to outside medical treatment to receive further evaluation due to the offender's actions.

[Filing No. 10-1 at 1].

Mr. Black was notified of the charge on October 24, 2016, when he received the Screening Report. He plead not guilty to the charge. Among other things, Mr. Black requested multiple witnesses and the video of the event.

A hearing was held on November 28, 2016. At the hearing, Mr. Black stated, "I was never aggressive towards him. He was the one that was aggressive. He was putting pressure on my wrist and I tried to relieve the pressure and he took me down. I felt like he was trying to hurt me." [Filing No. 10-3 at 1]. Based on Mr. Black's statement, the staff reports, and video of the incident, the hearing officer found Mr. Black guilty of battery in violation of Code 102-A. The following sanctions were imposed: a nine-day earned-credit-time deprivation, $30,000 in restitution for

medical expenses, three hundred and sixty days in disciplinary segregation, and a credit-class demotion.

Mr. Black appealed to Facility Head and the IDOC Final Reviewing Authority, but both of his appeals were denied. He then brought this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. While this action was pending, the IDOC Final Reviewing Authority reconsidered Mr. Black's appeal. Mr. Black's charge was reduced from battery in violation of Code 102-A to the lesser included offense of fleeing/resisting in violation of B-235. As a result, the disciplinary segregation sanction was reduced to three months, but the other sanctions were unchanged.

### C. Analysis

Mr. Black raises one claim in his habeas petition—namely, that there was insufficient evidence to find him guilty of his original charge, battery. But Mr. Black's battery charge has since been modified to fleeing/resisting, and thus the respondent is correct that this Court can only review whether there was sufficient evidence supporting the modified charge of fleeing/resisting. Mr. Black takes issue with the fact that his argument that the battery charge was inappropriate was not accepted sooner. That is, he argues that it was improper for his administrative appeals to be initially rejected and, only after he filed this action, was the charge modified.

While the administrative appeals process was undoubtedly frustrating to Mr. Black, this Court in habeas review has no basis to grant relief based on any errors during the administrative appeals. This is because there is no due process right to an administrative appeal, and thus any errors during the administrative appeal process cannot form the basis for habeas relief. The Supreme Court in *Wolff* made clear that "[p]rison disciplinary proceedings are not part of a criminal prosecution, and the full panoply of rights due a defendant in such proceedings does not apply." 418 U.S. at 556. The due process rights that apply, which are set forth in detail in *Wolff*,

do not include any safeguards during an administrative appeal, nor even a right to appeal at all. And the procedural guarantees set forth in *Wolff* may not be expanded by the lower courts. *See White v. Ind. Parole Bd.*, 266 F.3d 759, 768 (7th Cir. 2001). Therefore, this Court has no authority to provide Mr. Black relief based on his position that his administrative appeals were erroneously denied.

This leaves Mr. Black's challenge to the sufficiency of the evidence supporting the charge of fleeing/resisting. Challenges to the sufficiency of the evidence are governed by the "some evidence" standard. "[A] hearing officer's decision need only rest on 'some evidence' logically supporting it and demonstrating that the result is not arbitrary." *Ellison v. Zatecky*, 820 F.3d 271, 274 (7th Cir. 2016); *see Eichwedel v. Chandler*, 696 F.3d 660, 675 (7th Cir. 2012) ("The some evidence standard . . . is satisfied if there is any evidence in the record that could support the conclusion reached by the disciplinary board.") (citation and quotation marks omitted). The "some evidence" standard is much more lenient than the "beyond a reasonable doubt" standard. *Moffat v. Broyles*, 288 F.3d 978, 981 (7th Cir. 2002). "[T]he relevant question is whether there is any evidence in the record that could support the conclusion reached by the disciplinary board." *Hill*, 472 U.S. at 455-56.

A violation of Code B-235 requires an inmate to "flee[] or physically resist[] a staff member in the performance of his/her duty." IDOC Adult Disciplinary Process Appendix I: Offense, at http://www.in.gov/idoc/files/02-04-101_APPENDIX_I-OFFENSES_6-1-2015(1).pdf. The Conduct Report alone can "provide[] 'some evidence' for the . . . decision," *McPherson*, 188 F.3d at 786, and it clearly does here. Specifically, the Conduct Report reflects that Mr. Black "attempted to pull away from" the correctional officer escorting him. Filing No. 10-1 at 1. This

constitutes "some evidence" that Mr. Black was physically resisting a staff member. Accordingly, Mr. Black's sufficiency of the evidence claim lacks merit.

Although Mr. Black's habeas petition included only a challenge to the sufficiency evidence, the Court notes that Mr. Black's reply brief includes a challenge to the $30,000 restitution sanction, which was imposed to cover the costs of the injured officer's medical care. Mr. Black argues that there is no evidence he caused the injuries; instead, he says it was the officer's decision to use a specific takedown technique that caused the injuries. But as the respondent correctly points out, restitution orders cannot be challenged in a federal habeas proceeding pursuant to 28 U.S.C. § 2254, such as this one. "[A] habeas corpus petition must attack the fact or duration of one's sentence; if it does not, it does not state a proper basis for relief under § 2254." *Washington v. Smith*, 564 F.3d 1350, 1351 (7th Cir. 2009). A "restitution [order] does not impact the fact or duration of [an inmate's] confinement and therefore is not a valid basis for habeas relief." *Smith v. Neal*, 660 Fed. Appx. 473, 475 (7th Cir. 2016). Accordingly, Mr. Black cannot challenge the restitution sanction in this action.

### D. Conclusion

"The touchstone of due process is protection of the individual against arbitrary action of the government." *Wolff*, 418 U.S. at 558. There was no arbitrary action in any aspect of the charge, disciplinary proceedings, or sanctions involved in the events identified in this action, and there was no constitutional infirmity in the proceeding which entitles Mr. Black to the relief he seeks. Accordingly, Mr. Black's petition for a writ of habeas corpus must be **denied** and the action dismissed.

Judgment consistent with this Entry shall now issue.

**IT IS SO ORDERED.**

Date: 8/16/2017

_____
TANYA WALTON PRATT, JUDGE
United States District Court
Southern District of Indiana

Electronic distribution to counsel of record via CM/ECF and by U.S. mail to:

JOSHUA BLACK
891666
WABASH VALLEY - CF
WABASH VALLEY CORRECTIONAL FACILITY - Inmate Mail/Parcels
6908 S. Old US Hwy 41
P.O. Box 1111
CARLISLE, IN 47838